Ctt

**RECEIVED**

JUN - 3 2008
Jun 3 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**Plaintiff(s)**

Kimyuna K Jackson

v.

08CV3190
**JUDGE DER-YEGHIAYAN**
**MAG. JUDGE SCHENKIER**

**Defendant(s)**

State Court District 1
The Daley Center
and Judge Elizabeth
M Budzinski

**COMPLAINT**

Kimyuna K Jackson is the Pro See
Plaintiff in a civil case #07L12486 against the
Mc Donalds Corporation and the franchised owner
of the Mc Donalds located at 7900 s. King Dr.
Kimyuna Jackson is being discriminated
against due to the Judge Elizabeth M (white)
Budzinski breaking civil and supreme court
rules to keep from ruling in Kimyuna Jackson
the Pro See Plaintiff favor Ms Jackson is
black. The defendant has violated Plaintiff
rights und Title VII of the civil Rights
act of 1964 and u.s. c. 1981 )+ Race Title of
the civil Rights act of 1964 and 42 U.S.C. § 1981

**Motion - General Form** (This form replaces CCMD-39)    CCG N702-200M-2/28/05 (43480658)

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Domique N Jackson
_____
                              **Plaintiff(s)**

vs.

Mc Donald Corporation +
_____
Durrell Saf Mc Donald's owner  **Defendant(s)**
operated by Derrick Taylor est.

No. 07L12486

FILED-2
2008 MAY 27 PM 12: 56

TO: Clark Office of Dorothy B Brown
10 North LaSalle Suite/Num 2800
Chicago Illinois 60602

Default Judgement due to violation
of Sanction

**MOTION BY** _____ Plaintiff _____ **FOR** 5/14 - 103

Defendant Derrick D Taylor owner operator of franchised
Mc Donalds located at 7900 s king dr is the second party
on this case #07L12486. Derrick D Taylor was served on
4/11/08 by Cook County Sheriff at 7900 s king dr Franchised
Mc Donalds location, and has yet to file an apperance
with the courts. Defendant has violated Court Procedure and
Plaintiff is asking that a default Judgement be granted.

**I (We) do hereby certify that a copy of this instrument was served upon all parties who have appeared
and have not previously been found by the Court to be in default for failure to plead.**

Dated: _____, _____    _____
                                                    **Attorney Certification**

Atty. No.: 99500
Name: Domique N Jackson
Atty. for: 99500
Address: 6744 s Bennett
City/State/Zip: Chgo   IL   60617
Telephone: (708) 646 3635

### DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Order                                    CCG N002-300M-2/24/05 (            )

### IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

#9

JACKSON

v.                    } No. 07 L 12486

McDonald's Corp et al

### ORDER

This matter coming to be heard on motion of Plaintiff to default defendant Taylor. It is hereby ordered that plaintiff motion is denied, said motion being brought Improperly. Defendant Taylor is given 7 days to file his app as well as answer or otherwise Plead to Plaintiff's amended complaint.

Atty. No.: 36250

Name: Law offices of C Woods     ENTERED:

Atty. for: McDonald / Taylor

Address: 10 S LaSalle

City/State/Zip: Chicago IL

Telephone: 312 726 6317

Dated:

Assoc. Judge Elizabeth M. Budzinski
JUN -8 2008
Circuit Court - 1875

Judge                    Judge's No.

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**



United States District Court
Of Illinois

Kiimyuna Jackson
Plaintiff

V.

Mc Donald's Corporation and
Franchised Mc Donald's located at 7900 s King Dr.
Defendant

2007L012486
CALENDAR/ROOM B
TIME 00:00
Tort - Intentional

07 NOV -5 AM 8:43
FILED-19
CLERK OF CIRCUIT COURT
LAW DIVISION

## JURISDICTION AND VUNUE

This action is being brought pursuant to Title VII of the Civil Rights Act of 1964,
codified at 42U.S.C 200 et'seq. (Title VII), the Civil Rights act of 1866, codified at 42
USC 198 (1) 81) brought pursuant to 42 USC 1983, all  as amended by the civil rights act
of 1991, the civil rights act of 1871, codified at 42 U.S.C 1983 for violations equal
protection and due process of fourteenth amendment to the United States constitution to
redress Plaintiff rights to be free from false accusations and retaliations from high level
corporations under color of law in their capacity.

The jurisdiction of this court is invoked pursuant by Illinois federal and state law, section
1.02,  1.03. 14.02. The amount in controversy is more than 1000,000. Venue lies in court
under Illinois state and federal laws.  The corporation is a franchised business of the Mc
Donald Corporation in the state of Illinois. The Plaintiff Kimyuna Jackson is a resident in
the state in which the tortuous acts occurred. Moreover, these acts are listed below.

Defendants Mc Donald Corporation and  employees, employed by the corporation during
the time of such incident occurrence committed the listed wrongful torts while employed
and during work hours at a franchised store by the Mc Donald corporation located at
7900 s King Dr. in Chicago Illinois.  The Corporation knew of such acts made by their
employee, and failed to make Plaintiff Kimyuna Jackson  known of a reprimand if any, of
the employees actions  as a result of the incident occurrence on both August 29 and 30
2007

Plantiff
Exhibit

A

Introduction

1. This action is for damages for the intentional infliction of emotional distress, slander, battery, assault, and negligence misrepresentation at the state level and violation of 42 U.S.C. 1983- deprivation of civil rights, along with violation of 42 U.S.C 1985 conspiracy to interfere with civil rights obstructing justice by allowing and unknown man to later be said as an Mc Donald's employee to assault/battery Plaintiff Kimyuna Jackson on August 29, 2007 at an franchised Mc Donald's located at 7900 s King Dr. The Defendants are Mc Donald's employees that represent the company whose names the company refused to reveal during time of incident occurrence made statements to the Chicago Police Department that implied criminal behavior on behalf of the Plaintiff Kimyuna Jackson. These statements are wholly unsupported and appear to have been invented for the sole purpose of ruining the reputation of the Plaintiff Kimyuna Jackson by almost making certain that a criminal record was establish, along with attempting to damage her public image as a substitute teacher and later Special Educator.

2. These statements were made to officers on August 30, 2007 that work for the Chicago Police Department, while Plaintiff Kimyuna Jackson had been trying to resolve an order mix up, along with a battery/assault issue experienced by an unknown man in the store on August 29, 2007. The Plaintiff had been placed in a police car an unlawfully arrest for criminal trespass of the Mc Donald's as a result of statements proved by the Mc Donald's employees.

3. These false statements made by the defendant Mc Donald's Corporation employees (whose names they fail to reveal during the incident occurrence) force the Chicago Police Department to unlawfully arrest the Plaintiff Kimyuna Jackson taking her into custody without a valid warrant or without probable cause to believe that she had committed a crime.

4. The statements made by the defendant Mc Donald's Corporation employees (whose names they fail to reveal during the incident occurrence) are unknown by the Plaintiff Kimyuna Jackson. However resulted in the Plaintiff being placed in a Police car and arrested for criminal trespass of the Mc Donald's located at 7900 s King Dr. as a result of a follow compliant the Plaintiff Kimyuna Jackson had with an order mix up, along with a battery assault inside the restaurant by an unknown man in the Mc Donald's on August 29, 2007.

6. The unlawful acts of battery/ assault were performed by an unknown man while the Plaintiff Kimyuna Jackson had been trying to exit the Mc Donald's located on 79th and King Dr. after receiving her order on August 29, 2007. The defendant made false statements to the Chicago Police department on August 30, 2007 which cause them to place her in a police car, as a result of the plaintiff Kimyuna Jackson calling 911 regarding the battery/assault the plaintiff Kimyuna Jackson

experience by an unknown man in the restaurant franchised by the Mc Donald's corporation located at 7900 s King Dr. in Chicago Illinois.

6.  Defendant made no attempt to call Police or make attention to the situation when the Plaintiff Kimyuna Jackson confronted the unknown man in the store about being assault/battery as a result of Plaintiff Kimyuna Jackson only wanting to exit the restaurant.

7.  Defendant performed acts of negligent misrepresentation by providing the Chicago police department with a false statement of material facts of the incident occurrence. The Mc Donald's corporation is still unable to provide Plaintiff with such statement of explanation of why such incident of carelessness or negligence occurred.

8.  Defendant performed such acts of negligent misrepresentation during store hours in front of other employees and customers in the store leaving the Plaintiff Kimyuna Jackson feeling as if her career would be threaten an a teacher.

9.  The defendant the franchised Mc Donald's located at 7900 s King Dr. made an attempt of tort, slander, perjury, violation of 42 U.S.C. 1983- deprivation of rights, along with violation of 42 U.S.C 1985 conspiracy to interfere with civil rights; obstructing justice by not allowing the defendant to pursue charges against unknown man in restaurant after being assault/battery in the store located on 7900 s King Dr. on August 29, 2007.

10. The plaintiff Kimyuna Jackson hereby asserts the following claims against the defendant franchised Mc Donald's located on 7900 s King Dr. in the above listed action :

    I. Tort- Intentional Infliction of Emotional Distress
    II. Slander and Defamation
    III. Perjury lying to the Chicago Police Department
    IV. Violation of 42 U.S.C. 1983- deprivation of civil rights
    V. Violations of 42 U.S.C 1985 Conspiracy to interfere with civil rights:
Obstruction Justice on battery/assault complaint.

The plaintiff Kimyuna Jackson claim damages against Defendant Mc Donald's Corporation as a result of such action performed by franchised Mc Donald's located on 7900 s King Dr. based on the principle of "
Corporation Superior" because of their negligence and misrepresentation, along with failure to acknowledge an incident occurrence in a franchised owned Mc Donald's on August 29, 2006 which later resulted in an unlawful arrest attempt on August 30, 2007 as result of unknown words by an employee to the Chicago Police Department.

The Plaintiff herby asserts the following claims against Defendant Mc Donald's Corporation as a result of and incident occurrence at a franchise Mc Donald's located at 7900 s King Dr.

I.           All the above due to the owner operator of the Mc Donald's located at 7900 s King Dr. inability to provide Plaintiff Kimyuna Jackson with a written explanation of the reason why such allegations occurred at a Franchised Mc Donald's Corporation restaurant, not upholding the customer assurance in quality service and trust applying the law with prejudice.

II.          Violation of the Fourteenth Amendment failure to provide the equal protection laws

### The Parties

9. Plaintiff Kimyuna Jackson is a resident in the state of Illinois.

10. Plaintiff lives with in a 3 mile radius of the Mc Donald's located at 7900 s King Dr. in Illinois.

11. Plaintiff has only resided in the community for 6 months and eats at varies fast food restaurants as a result of the conditions associated with kitchen found by Illinois building inspector, also having no stove or refrigerator.

12. Plaintiff has no association with the owner operator of the Mc Donald's located at 7900 King Dr. or any other individual employed by the Mc Donald's corporation world wide, being either in the United States or any where else in the world.

13. Plaintiff has no association with secret shoppers or any other consumer satisfaction company or project.
Last known association the plaintiff had with Mc Donald's corporation had been as an employee in the early 1990's for a short period of time.

14. Plaintiff has never met any employees who perform work at the Mc Donald's at 7900 s King Dr. and had no association with these individuals prior or before the incident occurrence.

15. Plaintiff still has no association with such individuals and has discontinued business with Mc Donald's as a result of the corporation inability to reply with such reason why such negligence misrepresentation has occurred in an ample amount of time.

16. Defendant a franchised Mc Donald's located at 7900 s King Dr. franchised by the Mc Donald's Corporation failed to provide the Plaintiff Kimyuna Jackson with the name of the employee that alleged the plaintiff criminal trespass the Mc Donald's located at 7900 s King Dr.

17. Defendant employees representing the defendant which work at that location at 7900 s King Dr. a franchise owned Mc Donald's informed the plaintiff Kimyuna Jackson on August 30, 2007 that the unknown man that performed the assault/battery against the Plaintiff Kimyuna Jackson had been a police, and also an employee of Mc Donald's but refused to give such information on what police department he had worked, along with withholding identity information from Plaintiff Kimyuna Jackson to continue with online compliant.

18. Defendant employee Joya Turner of the franchised own Mc Donald's was unable to provide Plaintiff Kimyuna Jackson with little or no information regarding the incident occurrence on August 29 and 30 2007 after reading online compliant

19. Defendant employee Joya Turner of the franchised own Mc Donald's claims investigation but states that she wouldn't be able to provide such result in writing.

20. Defendant employee of the franchised owned Mc Donald's Ms. Scott had been unable to provide any information on reprimand of the employees, employed by a franchised Mc Donald's as a result of such negligence misrepresentation reported on both August 29, 30 2007 in an online compliant e-mail.

The Mc Donald's Corporation failed their duty as a restaurant providing customer quality and assurance allowing a franchised own Mc Donald's to participate in a number of negligent acts later resulting in a unlawfully arrest with the Chicago Police Department.

21. Plaintiff Kimyuna Jackson has exhausted all available resource to get this matter resolve with a number of phone calls to the corporate office, and letters, and is no longer in contact or business with the Mc Donald's corporation as a result of the angry it brings.

22. Plaintiff has met the timely requirements of filling an action under Title VII and this action is timely filed.

### Facts

23. On Wednesday August 29, 2007 The (Plaintiff) Kimyuna Jackson walked into a frequently visited Mc Donald's (Defendant) located at 7900 s King Dr. at or around 9;30 and made a purchase of a Mc Chicken sandwich, French fries, and three cookies. (Plaintiff) Kimyuna Jackson made an attempt to exit the Mc Donald's and got through one set of doors.(Plaintiff) Kimyuna Jackson stood in the vestibules for 2-3 minutes than continued her exit to make the 79 street bus. (Plaintiff) Kimyuna Jackson was than stop by an unknown individual that grabbed her arm.

24. This unknown individual grabbed (Plaintiff) Kimyuna Jackson arm and grabbed the door speaking aggressively that the plaintiff Kimyuna Jackson could not exit the door. Plaintiff then wanted an explanation the unknown man couldn't provide (Plaintiff) with such, replying that Plaintiff just couldn't walk out this door located on the side of the

street facing 79th. The Plaintiff made her way back into the lobby and told the unknown man to never touch her again in his life.

25. He than replied" if Plaintiff didn't like it than call the police". The Plaintiff claims of not having her cell phone to call the police at that time so Plaintiff exited the Mc Donald's to get on the bus out of the doors facing King Dr. The Plaintiff got home to learn her order had been incorrect.

26. On the night of August 29, 2007 until the early hours of the am of the 30th of August, Plaintiff started a compliant with the Mc Donald's corporation informing them that Plaintiff would return to this location the next business day to get the identity of this individual if known.

27. On August 30, 2007 Plaintiff returned to the Mc Donald's to get this matter resolved and spoke with the mid afternoon manager who called her manager to get direction on the situation based on information provided by the plaintiff. Defendant than inform Plaintiff to return and speak with the night manager in which the incident occurred per the mid afternoon manger phone conversation with manager.

28. Plaintiff returned to this location at 8:30 to speak with the night manager. Plaintiff asked the night manager did defendant know the identity of such individual, as the unknown man didn't wear a Mc Donald's uniform, only regular clothes.

29. Defendant than replied, "that he had been the police employed by Mc Donald's".

30. Plaintiff replied "how could this be true when after performing such action of assault/battery he told (Plaintiff) Kimyuna Jackson to call police if she didn't like his actions," nor did the now said Defendant based on the information provided by the night manager wear a uniform showing that the now said Defendant had been a police officer for any district for Illinois, nor did the now said defendant wear a security uniform, or any uniform representing the Mc Donald's Corporation.

31. The names of these individuals aren't listed as during compliant procedure the Plaintiff performed with the corporation on the dates listed as August 29, and 30 2007 the individuals Joya Turner, Ms Scott, and the night manager representing the Mc Donald's franchised by the Mc Donald's Corporation were unable to provide the Plaintiff with such information, with the night manager refusing her identity information and stating on August 30, 2007 that Plaintiff should get the identity of the now said Defendant Police employed by Mc Donald's corporation from him, as he would be in shortly.

32. The Plaintiff than called the police wanting to file a compliant for the battery/assault actions that occurred the previous night un trusting of the unprofessional conduct of the Defendant.

33. The now said Defendant employed by a franchised Mc Donald's on 79th and King Dr. walked into the Mc Donald's wearing nothing to show him as being a police, security, or employee of the restaurant
Walked in sat down and began speaking to the manager.

34. The conversation had been unknown to the Plaintiff as she sat on the other side of the restaurant waiting on the Police.

35. The police arrived the Plaintiff walked outside to speak with them, and without question handcuffed and put into a police car. The Plaintiff states that she wasn't even given a chance to talk.

36. Based on the information provided from the now said Defendant the Plaintiff had been unlawfully arrest, and it was said by the officer that the plaintiff would be charged with criminal trespass of the Mc Donald's upon arrival to the police station located on 103 street in Chicago Illinois.

Count I- Intentional Infliction of Emotional Distress

37. Plaintiffs hereby incorporate each and every preceding paragraph as set forth fully here in.

38. For the first count Defendant Mc Donald Corporation and any known Mc Donald's employees aware of the incident occurrence on August 29, and 30 2007, Willfully and wantonly inflicted emotional stress with performing actions that were false, reckless, malicious, hurtful, incriminating, dangerous, etc., with disregard of the Plaintiff reputation as a substitute teacher and the reputation that the case and effect of such cause would have on the Plaintiff identity.

39. The action of the Defendant had been radical and offensive with the Defendant having little disregarded for the safety of others as a result of the angry the Plaintiff had developed as a result of such emotional stress. Defendant has done such by failing to acknowledge the situation occurs on August 29, and 30 2007, knowing that such inflict of emotional distress could cause angry that results in situation occurrences similar as the Virginia Tech.

40. Defendant did little to prevent such angry feelings or danger to other known Mc Donald's employees through recklessness and carelessness having Plaintiff unlawfully arrested on August 30, 2007.

41. The intentions of the Mc Donald's Corporation during such compliant procedures had been to have Plaintiff Kimyuna Jackson arrested for criminal trespass as a result of an incident occurrence at a franchised owned Mc Donald's on August both days August 29 and 30 2007.

Counts II of Slander and Defamation

42. Plaintiff hereby incorporates each and every preceding paragraph as if set forth fully herein.

43. Defendants statements were false known by them to be false, reckless, malicious, hurtful, incriminating, dangerous, etc. The acts of the Defendants represented by the Mc Donald's corporation constitute slander, defamation, and group defamation, with such incident occurrence during business hours in view with public and employee attention. Plaintiff developed thoughts of lost of reputation as a result of such incident. In relation with corporation, Plaintiff has developed fear of future job prospects as a result of known relation with such Mc Donald's corporation.

Also Plaintiff has developed a great deal of anger, humiliation, embarrassment, distress, stress, shame, anxiety, and feels lost of respect by the black community. Defendant Mc Donald's Corporation knowingly inflicted defamation on Plaintiff in Chicago Illinois; at a franchised owned Mc Donald's located at 7900 s. King Dr, on the nights of August 29 and 30 2007.

Defendant Mc Donald's Corporation and all known Mc Donald's employees share responsibility for the above violation of civil rights by means of "Corporation Superior" having the power to reprimand instead performing acts of perjury. These defendants are also named responsible for acts such as misconduct, insufficient investigation procedures, misrepresentation negligence, battery/assault, and negligent supervision of employees.

44. Defendants The Mc Donald Corporation and all said involved accused Plaintiff Kimyuna Jackson of Criminal trespass a franchised Mc Donald's located at 7900 s King Dr.

Count III —Perjury and Unlawful Arrest
45. Plaintiffs hereby incorporates each and every preceding paragraph as if set forth fully herein.

46. Defendant Mc Donald's Corporation and any known witness employee of the incident occurrence employed by the franchised located at 7900 s King Dr. on August 29 and 30 2007 had performed this malicious action of Perjury by watching the now said Defendant (Police) as said later said on August 30, 2007 to also be an employee of the franchise owned Mc Donald's located at 7900 s King Dr. But unknown on August 29, 2007 by the Plaintiff commit such acts of battery/assault.

47. Plaintiff had later been arrested on August 30, 2007 as a result of such perjury of criminal trespass as stated by an employee, employed by Defendant which is a franchise owned Mc Donald's Corporation.

48. Defendant Mc Donald's Corporation had been fully aware that such allegation were false and inaccurate, wrongly accusing the Plaintiff of criminal trespass to a franchised

owned Mc Donald's located at 7900 s King Dr on August 30, 2007, While in follow up on a battery/assault done on August 29, 2007.

50. As a result of such Perjury and unlawful arrest Plaintiff suffered and is still suffering from angry, humiliation, embarrassment, distress, stress, shame, anxiety, and feels lost of respect by the black community, Plaintiff seeks counseling in fear of one developing the intentions of walking into a Mc Donald's and committing acts of violence.

Count IV – Violation of Civil Rights- Civil Action for Deprivation of Rights

51. Plaintiff hereby incorporates each and every preceding paragraph as set forth fully herein.

52. On Thursday August 30, 2007 Defendant Mc Donald's Corporation had been fully aware of such compliant Plaintiff Kimyuna Jackson had with the franchise owned Mc Donald's located at 7900 s King Dr. and intended to deny Plaintiff all constitutional rights by having Plaintiff falsely arrested, using local law enforcement to carry out Defendant own vendetta, attempting to turn public opinion against the Plaintiff performing such actions in front of customers and other Mc Donald's employees employed at that location, along with endangering the public opinion of the Plaintiff with a result that other individuals such as employees at other Mc Donald's employed by franchised owned locations, and individuals that live indifferent communities could possibly learn of incident occurrence and develop an opinion with hurtful and malicious acts against Plaintiffs federal rights.

Defendants deliberately wanted to leave the Plaintiff with a criminal background, which would endanger the Plaintiff opportunity to gain employment in the future, along with damage the Plaintiff reputation as a valued Mc Donald's customer, using the Chicago Police Department to enforce such willful and wonton actions making an accusation of such seriousness under the color of the law. The Plaintiff had been unable to utilize her first amendment rights with an action of arrest. The Plaintiff has a right to be free from excessive and unreasonable state action.

Defendants Mc Donald's Corporation, along with the, owner operator, and employees at the franchised Mc Donald's located at 7900 s King Dr. all share the responsibility in the action done on August 29, and 30 2007 for the listed violation of civil rights by means of "Corporate Superior" Having the power to reprimand and provide explanation and apology for such horrific experience at a franchised associated restaurant by the Mc Donald Corporations. These same Defendants are also liable for misconduct, negligence misrepresentation, battery/assault, negligent supervision, inadequate service, unlawful arrest.

Defendants have willfully and wantonly disregarded Plaintiffs rights and Defendants action against Plaintiff were undertaken in bad faith.

53. At all times mentioned herein, Defendants had a duty to observe, recognize and uphold the civil rights and the First Amendments rights of the Plaintiff which were protected by the U.S Constitution and the Constitution of the state of Illinois. Defendants knew or reasonably should have known as a corporation that their actions violated Plaintiff rights under the first, fourth, and fourteenth Amendments. Plaintiff is entitled to damages as a result of the Defendants breach of her Constitutional rights.

54. At all times herein mentioned Defendants were acting within the course and scope of their employment as Mc Donald employees under the color of state law.

Count V Violation of Civil Rights- Conspiracy to interfere with civil rights

55. Plaintiffs hereby incorporates that each and every paragraph as set forth fully herein

56. On Wednesday and Thursday August 29 and 30, 2007, Defendant Mc Donald's Corporation, along with a franchise Mc Donald's located at 7900 s King Dr, intended to deny Plaintiff her rightful option of having Defendant arrested for battery/assault by seeking to humiliate the Plaintiff, using law enforcement to carry out such personal vendetta, and turning public opinion against Plaintiff.

57. Mc Donald's Corporation, along with a franchised Mc. Donald's located at 7900 s King Dr. failed to provide the Equal Protection of the Laws. Not allowing the Plaintiff to extend compliant against employee for assault/battery, instead making outrageous accusation to have Plaintiff arrested for criminal trespass. This indicates one of the following:

   A. The Mc Donald's Corporation, along with the franchised owned Mc Donald's located at 7900 s King Dr. did not care about the effects that such action would cause on the life of Plaintiff Kimyuna Jackson.
   B. The Mc Donald's Corporation, along with the franchised owned Mc Donald's did not take the Plaintiff Kimyuna Jackson accusation of assault/battery seriously, as they didn't want to accept reasonability for the actions of their employee.

This now being said to be the truth, then the Mc Donald's Corporation, along with the Mc Donald's located at 7900 s King Dr. sat by while Defendant employee of the franchised owned Mc Donald's located at 7900 s King Dr. lied to the Chicago Police on the Plaintiff Kimyuna Jackson and did nothing to prevent an injustice of unlawful arrest.

### Damages

58. Plaintiff hereby incorporates each and every preceding paragraph as set forth fully herein.

59. As a direct and proximate result of the conduct and damages of Defendants, Plaintiff has suffered for the following injuries and damages:

    a. Mental anguish and mental distress in the past and future;
    b. lost of earnings due to mental distress, loss of reputation, etc
    c. Phobia of all Mc Donald's Corporation

Based upon the foregoing conduct and actions of Defendants, Plaintiff is entitled to punitive and exemplary damages, as by law not less than $1,000,000.

### Prayers for Relief

Wherefore Plaintiff demands trial and that the following relief be granted:

    a. That Plaintiff is given an award for unnecessary emotional stress. This includes the pain and suffering associated with the ongoing torture given by Mc Donald's corporation and employees while looking for an apology for such action, as is the case with Plaintiff Kimyuna Jackson. Plaintiff has suffered emotional pain, mental distress, humiliation, loss of social standing, inconvenience, mental anguish, loss of enjoyment of life, loss of income at times having to continue counseling.

    b. That Plaintiff be granted an award for slander and Defamation

    c. That Plaintiff is granted an award for suffering a violation of her civil rights having experienced a prejudice during compliant procedures. The franchised Mc Donald's did not enforce the compliant procedure properly, having Plaintiff falsely arrested opposed to addressing the issues of the assault/battery by the employee made on the Plaintiff.

    d. That Plaintiff is awarded pecuniary damages to discourage this behavior again and give corporations a reminder that they are accountable to the people as service providers. A special pecuniary damage is sought against the Defendants the Mc Donald's Corporation, and the franchised Mc Donald's located at 7900 s King Dr. for the act of allowing an employee to lye to the Chicago Police Department.

    e. That Defendants be order to pay for all counseling session fees acquired this far.

    f. That Plaintiff receive judgment from the Defendants for the above and general and compensatory damages not less than $1000,000 and punitive damages greater than $1000,000.

    g. That Plaintiff receive from Defendants all attorney fee, cost of this action, and such other further relief if acquired that the court deems fit and just.

In sum of 50 million

Signed by: Kimyura

Kimyuna Jackson
7710 s Avalon Apt 1 Chicago, Illinois, Phone (630)915-0029

Date: 11-5-07

United States District Court
Of Illinois

FILED B - 1

2008 MAY 13  PM 12: 48

DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY. IL

Kiimyuna Jackson
Plaintiff

V.                                                      07L12486

Mc Donald's Corporation and Derrick D Taylor
Franchised owner operator of Mc Donald's located at 7900 s King Dr.

Defendant

### Amended Compliant

### JURISDICTION AND VUNUE

This action is being brought pursuant to Title VII of the Civil Rights Act of 1964, codified at
42U.S.C 200 et seq. (Title VII), the Civil Rights act of 1866, codified at 42 USC 198 (1) 81)
brought pursuant to 42 USC 1983, all as amended by the civil rights act of 1991, the civil rights
act of 1871, codified at 42 U.S.C 1983 for violations of equal protection and due process of
fourteenth amendment to the United States constitution to redress Plaintiff rights to be free from
false accusations and retaliations from high level corporations under color of law in their
capacity.

The jurisdiction of this court is invoked pursuant by Illinois federal and state law. The amount in
controversy is more than 1million dollars. Venue lies in court under Illinois state and federal
laws. The Mc Donald's located at 7900 s King Dr. is a franchised business of the Mc Donald
Corporation in the state of Illinois. The Plaintiff Kimyuna Jackson is a resident in the state in
which the tortuous acts occurred. Moreover, these acts are listed below.

Defendants Mc Donald Corporation employees and Owner operator Derrick D Taylor, along
with his employees, employed during the time of such incident occurrence committed the listed
wrongful torts while employed and during work hours at a franchised store by the Mc Donald
corporation located at 7900 s King Dr. in Chicago Illinois. The Corporation knew of such acts
made by their employees, and failed to make Plaintiff Kimyuna Jackson known of results in
regards , of the employees actions as a result of the incident occurrence on both August 29 and
30 2007.

### The Parties

1. Plaintiff Kimyuna Jackson is a resident in the state of Illinois.

2. Plaintiff lives in Chicago Illinois within a 7 mile radius of the Mc Donald's located at 7900 s King Dr. located  .

3. Plaintiff has no association with the owner operator of the Mc Donald's located at 7900 King Dr. or any other individual employed by the Mc Donald's corporation worldwide, being either in the United States or anywhere else in the world.

4. Plaintiff has no association with secret shoppers or any other consumer satisfaction company or project.

5. Last known association the plaintiff had with Mc Donald's corporation had been as an employee in the early 1990's for a short period of time.

6. Plaintiff has never met any employees who perform work at the Mc Donald's at 7900 s King Dr. and had no association with these individuals prior or before the incident occurrence.

7. Defendant Derrick D Taylor a franchised owner of the  Mc Donald's located at 7900 s King failed to provide the Plaintiff  with the name of the employee that assault /battery her on August 29, 2007. .

8. Defendant Joya Turner of the franchised own Mc Donald's was unable to provide Plaintiff Kimyuna Jackson with the name of the employee that assault battery her on August 29 and 30 2007 after reading Plaintiff online compliant.

9. Defendant employee Joya Turner of the franchised own Mc Donald's claims investigation but states that she wouldn't be able to provide such result in writing to plaintiff.

10. Defendant employee of the franchised owned Mc Donald's Ms. Scott had been unable to provide any information in regards to a  reprimand of the employees, employed by a franchised Mc Donald's as a result of such negligence misrepresentation reported on both August 29, 30 2007 in an online compliant e-mail to the corporation.

11. Defendants employees of the Mc Donald Corporation were completely aware of the incident occurrence on both days, with Plaintiff making a numbers of Phone calls and even writing a letter to John A. Kujama Vice President of franchising (letter attached as Exhibit A,) Defendant didn't make any attempt to get this matter resolve until November 8, 2007, after being served with compliant.

12. On November 8, 2007 Defendant was served by Dupage County Sheriff's Office notice is (attached to compliant as Exhibit B), After such Defendant than sent Plaintiff letter making her known that matter would be investigated( letter attached Exhibit C)  as of today's date May 13, 2008 there is not such investigation results.

13. Plaintiff Kimyuna Jackson has exhausted all available resource to get this matter resolve with a number of phone calls to the corporate office, and letters, and is no longer in contact or business with the Mc Donald's corporation as a result of the angry it brings.

14. Plaintiff has also served all parties and has yet to recieve an appearance by the Defendant Derrick D Taylor.

15. Defendant Derrick D Taylor was issued an summons on March 26, 2008 after it had been determine on March 6, 2008 that all discovery questions should be directed to him.

16. Defendant Derrick D Taylor was served at his Mc Donald's located at 7900 s King Dr on April 10, 2008 and has yet to respond.

17.    Plaintiff spoke with Meacham and Traufman attorneys for the corporation, and had been told by the attorneys that they will not be defending Defendant Derrick D Taylor.

18. Plaintiff has met the timely requirements of filling an action under Title VII and this action is timely filed.

Facts

1. On Wednesday August 29, 2007 The Plaintiff walked into a frequently visited Mc Donald's own and operated by Derrick D Taylor located at 7900 s King Dr. at or around 9:30 and made a purchase of a Mc Chicken sandwich, French fries, and three cookies. Plaintiff made an attempt to exit the Mc Donald's and got through one set of doors. Plaintiff stood in the vestibules for 2-3 minutes than continued her exit out of the Mc Donald's to make the 79 street bus. Plaintiff was then grabbed by an off duty police officers employed by the Mc Donald's as security.

2. This off duty police officer employed by Derrick D Taylor at the time of such incident occurrence on both days August 29, 30, 2007 didn't wear a Mc Donald's uniform, security uniform, police badge, or anything to make Plaintiff aware that he had been employed by the Franchised Mc Donald's located at 7900 s King Dr.

3. This off duty police officer employed by Derrick D Taylor grabbed Plaintiff arm and grabbed the door speaking aggressively that the Plaintiff could not exit the door. Plaintiff then wanted an explanation the security guard just told her that she couldn't walk through that door. The Plaintiff made her way back into the lobby and told the security guard to never touch her again in his life.

4. Defendant then replied" if Plaintiff didn't like it than call the police". The Plaintiff didn't have her cell phone to call the police at that time so Plaintiff exited the Mc Donald's to get on the bus out of the doors facing King Dr. The Plaintiff got home to learn her order had been incorrect.

5. On the night of August 29, 2007 until the early hours of the morning of the 30th of August, Plaintiff started a compliant with the Mc Donald's corporation informing them of what had occurred during her visit to a franchised owned Mc Donald's and in an e-mail to the corporation she made them known that she would return to this location at 7900 s King Dr. owned at operated by Derrick D Taylor the next business day to have a complaint filed against this off duty police officers employed by this Mc Donald's.

6. On August 30, 2007 Plaintiff returned to the Mc Donald's to get this matter resolved and spoke with the mid afternoon manager who called her manager to get direction on the situation based on information provided by the Plaintiff. Defendant than inform Plaintiff to return and speak with the night manager in which the incident occurred.

7. Plaintiff returned to this location at 8:30 to speak with the night manager. Plaintiff asked the night manager did Defendant know the identity of such individual, as at the time of the incident he had been and unknown man wearing an orange sweater and an orange hat with Illinois written on it.

8. Defendant than replied, "that he had been the police employed by Mc Donald's".

9. Plaintiff replied "how could this be true when after performing such action of assault/battery he told her to call police if she didn't like his actions," nor did the Defendant wear a uniform showing that he had been a police officer for any district of the city of Chicago, nor did he wear a security uniform, or any uniform representing the Franchised Mc Donald's owned and operated by Derrick D Taylor.

10. The Plaintiff than called the police wanting to file a complaint for the battery/assault actions that occurred the previous night not trusting of the unprofessional conduct of the Defendant.

11. The Defendant employed by a franchised Mc Donald's owned and operated by Derrick D Taylor on 79th and King Dr. walked into the Mc Donald's wearing nothing to show him as being a police, security, or employee of the restaurant, and sat down next to the manages at a table.

12. The conversation had been unknown to the Plaintiff as she sat on the other side of the restaurant waiting on the Police.

13. The police arrived and the Plaintiff walked outside to speak with them, and without question handcuffed and put into a police car. The Plaintiff states that she wasn't even given a chance to talk.

14. Based on the information provided from the Defendant the Plaintiff had been unlawfully arrested for criminal trespass the Mc Donald's, and it was said by the officer that the Plaintiff would be charged with criminal trespass of the Mc Donald's.

15. The name of this man that performed the battery assault against plaintiff isn't listed, as during compliant procedure the Plaintiff performed with the corporation on the dates listed August 29, and 30 2007 Joya Turner, Ms Scott, and the night manager all employed by Derrick D. Taylor owner operator of the franchised Mc Donald's located at 7900 s King Dr. were unable to provide the Plaintiff with such information.

16. On or around September 16th the Plaintiff went to the Police Department in regards to a complaint against the officers and was unable to provide the Sgt Walsh with the name of the off duty police officer, as the employees' employed by Derrick D Taylor were unable to provide her with this information, after a number of request.

17. The Plaintiff also made the Corporation known of such Negligence with a number of phone calls to customer feedback line and a letter to John A. Kujama the Vice President of franchising (letter attached as Exhibit A).

18. The Mc Donald's Corporation failed their duty as a restaurant providing customer quality and assurance allowing a franchised own Mc Donald's to participate in a number of negligent acts later resulting in a unlawfully arrest by the City of Chicago Police Department.

19. In terms of negligence misrepresentation the corporation can be held liable for such negligence performed by the owner operator as in the case of Martin, 213 Ill. App 3d at 491,572 N.E. 2d at 1078,Where a robbery and murder took place after at a closing Mc Donald's restaurant in such case the court had concluded that a duty had been created by the Defendant voluntary undertaking.

20. Making reference to Section 324 A. Castro v Brown's & Pasta, Inc 314 Ill. App. 3d 542 of the Reinstatement ,Second of Tort point 4 franchises, in such cases franchisor of Defendant did control such compliant procedure on August 29, and 30 2007 with online site establish so that customers may report services provided online via-email or with live customer services agent.

## Introduction of Damages

1. This action is for damages for the intentional infliction of emotional distress, slander, battery, assault, and negligence misrepresentation at the state level and violation of 42 U.S.C. 1983- deprivation of civil rights, along with violation of 42 U.S.C 1985 conspiracy to interfere with civil rights obstructing justice by allowing and off duty police officer to employed by the Mc Donald's located at 7900 s King Dr. to assault/battery Plaintiff on August 29,2007 at an franchised Mc Donald's located at 7900 s King Dr.

2 On August 30, 2007 Plaintiff made an attempt to file a complaint against the Defendant in regards to the assault/ battery on August 29, 2007 and had been unlawfully arrested for criminal trespass the Mc Donald's.

3. The statements to the Chicago Police Department that implied criminal behavior on behalf of the Plaintiff were wholly unsupported and appeared to have been invented for the sole purpose of ruining the reputation of the Plaintiff Kimyuna Jackson by almost making certain that a criminal record was establish, along with attempting to damage her public image as a substitute teacher and later Special Educator.

4.These statements were made to officers on August 30, 2007 that work for the Chicago Police Department, while Plaintiff Kimyuna Jackson had been trying to resolve a battery/assault issue experienced by an off duty police officer employed by Mc Donald's located at 7900 s. King Dr. on August 29, 2007. The Plaintiff had been placed in a police car an unlawfully arrest for criminal trespass of the Mc Donald's as a result of statements proved by the Mc Donald's employees.

5. These false statements made by the Defendant employed by Derrick D Taylor force the Chicago Police Department to unlawfully arrest the Plaintiff Kimyuna Jackson taking her into custody without a valid warrant or without probable cause to believe that she had committed a crime.

6. The statements made by the Defendant Derrick D Taylor are unknown by the Plaintiff Kimyuna Jackson. However resulted in the Plaintiff being placed in a Police car and arrested for criminal trespass of the Mc Donald's located at 7900 s King Dr. as a result of a follow compliant the Plaintiff Kimyuna Jackson had with an order mix up, along with a battery assault inside the restaurant by an employee of Derrick D Taylor on August 30,2007.

7. The unlawful acts of battery/ assault were performed by an employee of Derrick D Taylor while the Plaintiff Kimyuna Jackson had been trying to exit the Mc Donald's located on 79th and King Dr, after receiving her order on August 29, 2007.

8. The Defendant made false statements to the Chicago Police Department on August 30, 2007 which cause them to place her in a police car, as a result of the Plaintiff Kimyuna Jackson calling 911 regarding the battery/assault the Plaintiff experience by a employee in the restaurant franchised by the Mc Donald's corporation located at 7900 s King Dr. in Chicago Illinois.

8. Defendant made no attempt to call Police or make attention to the situation when the Plaintiff confronted the off duty police officer in the store about being assault/battery as a result of Plaintiff only wanting to exit the restaurant.

9. Defendant performed acts of negligent misrepresentation by providing the City of Chicago police department with a false statement of material facts of the incident

occurrence. The Mc Donald's corporation is still unable to provide Plaintiff with such statement of explanation of why such incident of carelessness or negligence occurred.

10. Defendant performed such acts of negligent misrepresentation during store hours in front of other employees and customers in the store leaving the Plaintiff feeling as if her career would be threaten an a teacher.

11. Defendant the franchised Mc Donald's located at 7900 s King Dr made an attempt of tort, slander, perjury, violation of 42 U.S.C 1983- deprivation of rights, along with violation of 42 U.S.C 1985 conspiracy to interfere with civil rights: obstructing justice by not allowing the Defendant to pursue charges against off duty police officer in the restaurant after being assault/battery in the store located on 7900 s King Dr. on August 29, 2007.

12. The Defendant the Mc Donald Corporation made no attempt to get this matter resolved after number of phone calls to the corporation and a letter to the Vice President of franchising(letter attached Exhibit A).

13. The Plaintiff Kimyuna Jackson hereby asserts the following claims against the Defendant Derrick D Taylor  franchised Mc Donald's located on 7900 s King Dr. in the above listed action:

        I. Tort- Intentional Infliction of Emotional Distress
        II. Slander and Defamation
        III. Perjury lying to the Chicago Police Department
        IV. Violation of 42 U.S.C. 1983- deprivation of civil rights
        V. Violations of 42 U.S.C 1985 Conspiracy to interfere with civil rights:
Obstruction Justice on battery/assault complaint.

The Plaintiff herby asserts the following claims against Defendant Derrick. D Taylor franchised owner of the Mc Donalds located at 7900 s King Dr.  as a result of an incident occurrence on August 29 and 30, 2007.

The Plaintiff claim damages against Defendant Derrick D Taylor as a result of such action performed by franchised Mc Donald's located on 7900 s King Dr. based on the principle of " Misrepresentation Negligence, along with failure to acknowledge and investigate the conduct of the employees in regards to an incident occurrence in a franchised owned Mc Donald's on August 29, 2007 which later resulted in an unlawful arrest attempt on August 30, 2007 as result battery/assault.

I.   All the above due to the owner operator of the Mc Donald's located at 7900 s King Dr.
        inability to provide Plaintiff any explanation of the reasons why such  incident
        occurred at a Franchised Mc Donald's Corporation restaurant, not upholding

the customer assurance in quality service and trust applying the law with
prejudice.

II.   All the above due to the inability of the Corporation to provide the Plaintiff with an
explanation of the reasons why the owner operator allowed such incident to
occur on both days.

II.             Violation of the Fourteenth Amendment failure to provide the equal protection laws


Count I- Intentional Infliction of Emotional Distress

13. Plaintiffs hereby incorporate each and every preceding paragraph as set forth fully here in.

14. For the first count Defendant Mc Donald Corporation and any known Mc Donald's
employees aware of the incident occurrence on August 29, and 30 2007, Willfully and wantonly
inflicted emotional stress with performing actions that were false, reckless, malicious, hurtful,
incriminating, dangerous, etc., with disregard of the Plaintiff reputation as a substitute teacher
and the reputation that the case and effect of such cause would have on the Plaintiff identity.

15. The action of the Defendant had been radical and offensive with the Defendant having little
disregarded for the safety of others as a result of the angry the Plaintiff had developed as a result
of such emotional stress. Defendant has done such by failing to acknowledge the situation occurs
on August 29, and 30 2007, knowing that such inflict of emotional distress could cause angry
that results in situation occurrences similar as the Virginia Tech.

16. Defendant did little to prevent such angry feelings or danger to other known Mc Donald's
employees through recklessness and carelessness having Plaintiff unlawfully arrested on August
30, 2007.

17. The intentions of the Mc Donald's Corporation during such compliant procedures had been
to have Plaintiff Kimyuna Jackson arrested for criminal trespass as a result of an incident
occurrence at a franchised owned Mc Donald's on August both days August 29 and 30 2007.

Counts II of Slander and Defamation

18. Plaintiff hereby incorporates each and every preceding paragraph as if set forth fully herein.

19. Defendants statements were false known by them to be false, reckless, malicious, hurtful,
incriminating, dangerous, etc. The acts of the Defendants represented by the Mc Donald's
corporation constitute slander, defamation, and group defamation, with such incident occurrence
during business hours in view with public and employee attention. Plaintiff developed thoughts
of lost of reputation as a result of such incident. In relation with corporation, Plaintiff has
developed fear of future job prospects as a result of known relation with such Mc Donald's
corporation.

Also Plaintiff has developed a great deal of anger, humiliation, embarrassment, distress, stress,
shame, anxiety, and feels lost of respect by the black community. Defendant Mc Donald's

Corporation knowingly inflicted defamation on Plaintiff in Chicago Illinois; at a franchised owned Mc Donald's located at 7900 s. King Dr. on the nights of August 29 and 30 2007.

Defendant Mc Donald's Corporation and all known Mc Donald's employees share responsibility for the above violation of civil rights by means of "Corporation Superior" having the power to reprimand instead performing acts of perjury. These defendants are also named responsible for acts such as misconduct, insufficient investigation procedures, misrepresentation negligence, battery/assault, and negligent supervision of employees.

20. Defendants The Mc Donald Corporation and all said involved accused Plaintiff Kimyuna Jackson of Criminal trespass a franchised Mc Donald's located at 7900 s King Dr.

### Count III –Perjury and Unlawful Arrest

21. Plaintiffs hereby incorporates each and every preceding paragraph as if set forth fully herein.

22. Defendant Mc Donald's Corporation and any known witness employee of the incident occurrence employed by the franchised located at 7900 s King Dr. on August 29 and 30 2007 had performed this malicious action of Perjury by watching the now said Defendant (Police) as said later said on August 30, 2007 to also be an employee of the franchise owned Mc Donald's located at 7900 s King Dr. But unknown on August 29, 2007 by the Plaintiff commit such acts of battery/assault.

23. Plaintiff had later been arrested on August 30, 2007 as a result of such perjury of criminal trespass as stated by an employee, employed by Defendant which is a franchise owned Mc Donald's Corporation.

24. Defendant Mc Donald's Corporation had been fully aware that such allegation were false and inaccurate, wrongly accusing the Plaintiff of criminal trespass to a franchised owned Mc Donald's located at 7900 s King Dr on August 30, 2007, While in follow up on a battery/assault done on August 29, 2007.

25. As a result of such Perjury and unlawful arrest Plaintiff suffered and is still suffering from angry, humiliation, embarrassment, distress, stress, shame, anxiety, and feels lot of respect by the black community. Plaintiff seeks counseling in fear of one developing the intentions of walking into a Mc Donald's and committing acts of violence.

### Count IV – Violation of Civil Rights- Civil Action for Deprivation of Rights

26. Plaintiff hereby incorporates each and every preceding paragraph as set forth fully herein.

27. On Thursday August 30, 2007 Defendant Mc Donald's Corporation had been fully aware of such compliant Plaintiff Kimyuna Jackson had with the franchise owned Mc Donald's located at 7900 s King Dr. and intended to deny Plaintiff all constitutional rights by having Plaintiff falsely arrested, using local law enforcement to carry out Defendant own vendetta, attempting to turn

public opinion against the Plaintiff performing such actions in front of customers and other Mc Donald's employees employed at that location, along with endangering the public opinion of the Plaintiff with a result that other individuals such as employees at other Mc Donald's employed by franchised owned locations, and individuals that live indifferent communities could possibly learn of incident occurrence and develop an opinion with hurtful and malicious acts against Plaintiffs federal rights.

Defendants deliberately wanted to leave the Plaintiff with a criminal background, which would endanger the Plaintiff opportunity to gain employment in the future, along with damage the Plaintiff reputation as a valued Mc Donald's customer, using the Chicago Police Department to enforce such willful and wonton actions making an accusation of such seriousness under the color of the law.   The Plaintiff had been unable to utilize her first amendment rights with an action of arrest. The Plaintiff has a right to be free from excessive and unreasonable state action.

Defendants Mc Donald's Corporation, along with the, owner operator, and employees at the franchised Mc Donald's located at 7900 s King Dr.  all share the responsibility in the action done on August 29, and 30 2007  for the listed violation of civil rights by means of " Corporate Superior" Having the power to reprimand and provide explanation and apology for such horrific experience at a franchised associated restaurant by the Mc Donald Corporations. These same Defendants are also liable for misconduct, negligence misrepresentation, battery/assault, negligent supervision, inadequate service, unlawful arrest.

Defendants have willfully and wantonly disregarded Plaintiffs rights and Defendants action against Plaintiff were undertaken in bad faith.

28. At all times mentioned herein, Defendants had a duty to observe, recognize and uphold the civil rights and the First Amendments rights of the Plaintiff which were protected by the U.S Constitution and the Constitution of the state of Illinois. Defendants knew or reasonably should have known as a corporation that their actions violated Plaintiff rights under the first, fourth, and fourteenth Amendments. Plaintiff is entitled to damages as a result of the Defendants breach of her Constitutional rights.

29. At all times herein mentioned Defendants were acting within the course and scope of their employment as Mc Donald employees under the color of state law.


Count V Violation of Civil Rights- Conspiracy to interfere with civil rights

30. Plaintiffs hereby incorporates that each and every paragraph as set forth fully herein

31. On Wednesday and Thursday August 29 and 30, 2006, Defendant Mc Donald's Corporation, along with a franchise Mc Donald's located at 7900 s King Dr. intended to deny Plaintiff her rightful option of having Defendant arrested for battery/assault by seeking to humiliate the Plaintiff, using law enforcement to carry out such personal vendetta, and turning public opinion against Plaintiff.

32. Mc Donald's Corporation, along with a franchised Mc. Donald's located at 7900 s King Dr. failed to provide the Equal Protection of the Laws. Not allowing the Plaintiff to extend compliant against employee for assault/battery, instead making outrageous accusation to have Plaintiff arrested for criminal trespass. This indicates one of the following:

    A. The Mc Donald's Corporation, along with the franchised owned Mc Donald's located at 7900 s King Dr. did not care about the effects that such action would cause on the life of Plaintiff Kimyuna Jackson.

    B. The Mc Donald's Corporation, along with the franchised owned Mc Donald's did not take the Plaintiff Kimyuna Jackson accusation of assault/battery seriously, as they didn't want to accept reasonability for the actions of their employee.

This now being said to be the truth, then the Mc Donald's Corporation, along with the Mc Donald's located at 7900 s King Dr. sat by while Defendant employee of the franchised owned Mc Donald's located at 7900 s King Dr. lied to the Chicago Police on the Plaintiff Kimyuna Jackson and did nothing to prevent an injustice of unlawful arrest.

## Damages

33. Plaintiff hereby incorporates each and every preceding paragraph as set forth fully herein.

34. As a direct and proximate result of the conduct and damages of Defendants, Plaintiff has suffered for the following injuries and damages:

    a. Mental anguish and mental distress in the past and future:

    b. lost of earnings due to mental distress, loss of reputation, etc

    c. Phobia of all Mc Donald's Corporation

Based upon the foregoing conduct and actions of Defendants, Plaintiff is entitled to punitive and exemplary damages, as by law not less than $1,000,000.

## Prayers for Relief

Wherefore Plaintiff demands trial and that the following relief be granted:

    a. That Plaintiff is given an award for unnecessary emotional stress. This includes the pain and suffering associated with the ongoing torture given by Mc Donald's corporation and employees while looking for an apology for such action, as is the case with Plaintiff Kimyuna Jackson. Plaintiff has suffered emotional pain, mental distress, humiliation, loss of social standing, inconvenience, mental

anguish, loss of enjoyment of life, loss of income at times having to continue counseling.

b. That Plaintiff be granted an award for slander and Defamation

c. That Plaintiff is granted an award for suffering a violation of her civil rights having experienced a prejudice during compliant procedures. The franchised Mc Donald's did not enforce the compliant procedure properly, having Plaintiff falsely arrested opposed to addressing the issues of the assault/battery by the employee made on the Plaintiff.

d. That Plaintiff is awarded pecuniary damages to discourage this behavior again and give corporations a reminder that they are accountable to the people as service providers. A special pecuniary damage is sought against the Defendants the Mc Donald's Corporation, and the franchised Mc Donald's located at 7900 s King Dr. for the act of allowing an employee to lye to the Chicago Police Department.

e. That Defendants be order to pay for all counseling session fees acquired this far.

f. That Plaintiff receive judgment from the Defendants for the above and general and compensatory damages not less than $1million dollars and punitive damages greater than $1million dollars.

g. That Plaintiff receive from Defendants all attorney fee, cost of this action, and such other further relief if acquired that the court deems fit and just.

Signed by:

Kimyuna Jackson
8744 s Bennett Chicago, Illinois 60617

Date:

Kimyuna Jackson
7710 s Avalon apt 1
Chicago, Illinois 60619
September 18, 2007

John A. Kujama
US Vice President
Franchising
Mc Donald's USA, LLC
2111 Mc Donald's Plaza
Oak Brook Illinois, 60523

Dear: John A. Kujama

This letter is to complain about services I experienced at a Mc Donald's on August 29, and 30 of 2007. I walked into a frequently visited Mc Donald's located at 7900 s King Dr at or around 9:30 and made a purchase of a Mc Chicken sandwich, French fries, and three cookies. I then made an attempt to exit the Mc Donald's and got through one set of doors. I stood in the vestibule for 2-3 minutes than continued my exit to make the 79 street bus, I was then stop by an unknown individual that grabbed my arm. This individual grabbed my arm and then grabbed the door speaking aggressively that I could not exit the door. I then wanted an explanation he couldn't provide me with such, replying that I just couldn't walk out this door. I made my way back into the lobby and told him to never touch me again in his life. He then replied if I didn't like it than call the police. I didn't have my cell phone at that time so I exited the Mc Donald's to get on the bus. I got home to learn my order had been incorrect. I have included a copy of the receipt for such order that I was given, along with a copy of my purchase. That late night I then started a compliant with the Mc Donald's corporation informing them that I would return to this location the next business day to get the identity of this individual. On August 30, 2007 I returned to the Mc Donald's to get this matter resolved I spoke with the mid-afternoon manager who called her manager to get direction on the situation. Her manager than informed her to tell me to return and speak with the manager on the shift in which this incident occurred. I returned to this location at 8:30 to speak with the night manager. I asked the night manager did she know the identity of such individuals, as he didn't wear a Mc Donald's uniform, she then replied, that he had been the police". I asked her how this could be true when he told me to call the police if I didn't like his actions, and he didn't wear a uniform showing that he was a police officer for any district in Illinois, nor did he wear a security uniform. I asked her for his identity information, along with hers to continue to file such compliant. She refused stating that I should get it from him, and he would be in shortly. I called the police wanting to file a compliant for the actions that occurred the previous night. He then walked into the Mc Donald's wearing nothing to show him as being a police officers, or security. He sat down and spoke with the manager. I continued to wait for the police. The police arrived I walked outside to speak with them and he reversed the whole situation on me. I wasn't even allowed an opportunity to talk. I over heard him tell the police that I picked up a receipt from the ground. I was than drove away from the Mc Donald's in a police car. I have since tried to get down to the bottom of the reason why these individuals handled this situation in such a matter. I am taking steps with the police regarding the actions of the officers, and I am continuing this matter with you to determine the identity of this individual being either a police as stated by the Mc-Donald's manager or an employee of your franchise. I have visited other location but feel very uncomfortable while such action of grievance is in progress. While at a location located on Chicago and state I sat down to eat and the manager sat behind me. The next day employees sat behind me. I didn't take this personal as I didn't have a problem with my services.  I just assumed at that time I was sitting in their lunch area. I am asking that you look further into this matter; as such experience with your company has really made me fearful of your company, along with the Chicago Police Department.

Sincerely,

Kimyuna Jackson

Kimyuna Jackson

Exhibit

A

TYPE SUM
SHERIFF'S OFFICE OF DUPAGE COUNTY, ILLINOIS        DEPUTY 442

DOCKET #: 32007-309-160228          CASE #: 07L12496   -001      ORIGIN NUMBER: 002
DATE FILED 11/05/07   DATE RECEIVED 11/05/07   SUSPENDS 12/05/07   # OF WORKSHEETS:

DEFENDANT MCDONALD CORPORATION C/O R/A JOHN K. KUJAMA

HOME ADDRESS:
                                          WORK ADDRESS
                                          2111 MCDONALDS DR
                                          OAKBROOK, IL 60523
                                                                    OPERATOR
                                                                    704

PLAINTIFF JACKSON, KIMYUNA K
  SERVICE
  INFO

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
(A) I CERTIFY THAT I SERVED THIS SUMMONS ON THE DEFENDANT AS FOLLOWS:

____ 1 PERSONAL SERVICE: BY LEAVING A COPY OF THE SUMMONS AND COMPLAINT WITH THE
         NAMED DEFENDANT PERSONALLY.

____ 2 SUBSTITUTE SERVICE: BY LEAVING A COPY OF THE SUMMONS AND COMPLAINT AT THE
         DEFENDANT'S USUAL PLACE OF ABODE WITH SOME PERSON OF THE FAMILY OR PERSON
         RESIDING THERE, OF THE AGE OF 13 YEARS OR UPWARDS, AND INFORMING THAT
         PERSON OF THE CONTENTS THEREOF. ALSO, A COPY OF THE SUMMONS WAS MAILED TO
         THE DEFENDANT AT THE ABOVE ADDRESS. DATE_____ INITIALS

✗ 3 SERVICE ON: CORPORATION___ ✗ COMPANY___ BUSINESS___ PARTNERSHIP___
         BY LEAVING A COPY OF THE SUMMONS AND COMPLAINT WITH THE REGISTERED AGENT,
         AUTHORIZED PERSON, OR PARTNER OF THE DEFENDANT.

(B) JOHN E. ZARUBA, SHERIFF. BY: _Robt Allalarch_ #443 DEPUTY

    1 SEX _F_ M/F   RACE _AS_ AGE _62_   HT _56_ "  WT _20_
    2 WRIT SERVED ON _2 2 FLOARK_ RELATION _AGT_

    THIS _8TH_ DAY OF _Nov. 2007_ TIME _10.50_ (AM) PM

ADDITIONAL
COMMENTS _____

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
                         ATTEMPTED SERVICES:   DATE      TIME   AM/PM   DEPUTY#

THE NAMED DEFENDANT WAS NOT SERVED;
         REASON NOT SERVED:

____01 MOVED
____02 NO CONTACT          ____06 NO SUCH ADDRESS
____03 AVOIDING;           ____07 EMPLOYER REFUSAL
         SEE COMMENTS      ____08 RETURNED BY ATTY
____04 NOT LISTED          ____09 DECEASED
____05 WRONG ADDRESS       ____10 NO LONGER EMPLOYED
                           ____11 OTHER; SEE
                                  COMMENTS ABOVE

AOUNT RECEIVED          .00   PW

Exhibit

McDonald's USA, LLC
2111 McDonald's Drive
Oak Brook, IL 60523

November 08, 2007

(800) 244-6227

Mrs. Kimyuna Jackson
7710 S Avalon Ave Apt 1
Chicago, IL 60619-3310

Dear Mrs. Jackson:

Thank you for taking the time to contact McDonald's to share a recent experience at one of our restaurants.

First, I hope you'll accept our apology for this unsatisfactory visit. It's always our hope that your visits will be pleasant ones. Because we want to make sure that your experience is properly investigated, we need to verify the address of the restaurant you visited. From your contact, we were unable to determine this. McDonald's is a franchised organization and as such, we'd like to forward your comments to the franchise owner of the restaurant you visited so he or she can take appropriate action. Please call McDonald's national customer satisfaction toll-free line at 1-800-244-6227 to give us the address of the restaurant you visited. We will then follow up on your comments.

Again, thank you for taking the time to contact McDonald's. We hope we have the opportunity to serve you in the future.

Sincerely,

# Caroline E Jason
Caroline E Jason
Customer Satisfaction Representative
McDonald's Customer Response Center
ref#:4687351

Exhibit
C

PHN/paa I.D.                                                          Firm #36250

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| KIMYUNA JACKSON,<br>    Plaintiff, | ) <br> ) <br> ) | |
| vs. | ) <br> ) <br> ) | No. 07 L 12486 |
| MCDONALD'S CORPORATION and<br>FRANCHISED MCDONALD'S<br>LOCATED AT 7900 S. KING DRIVE,<br>    Defendants. | ) <br> ) <br> ) <br> ) | |

## DEFENDANT'S RESPONSES TO PLAINTIFF'S NOTICE OF DISCOVERY

NOW COMES Defendant, MCDONALD'S CORPORATION, by and through its

attorneys, Law Offices of Lauren K. Meachum, in response to Notice of Discovery propounded

by *Pro Se* plaintiff, KIMYANA JACKSON, states as follows:

1.      Was an investigation relevant to subject matter of this action made by corporation

on or prior to November 8, 2007.

**RESPONSE: Objection to the term, "investigation" as overly broad, unduly burdensome**

**and vague. Further objecting, the interrogatory seeks information that may be protected**

**by the attorney client and work product privileges. Without waiving said objection,**

**McDonald's Corporation did not own, operate, manage, maintain or control the day to day**

**operations of the subject restaurant business. This interrogatory is better directed to the**

**owner/operator, however, upon information and belief, this Defendant did not conduct any**

**investigation on or prior to 11/8/07.**

2. If so by what means do you identify such investigation.

**RESPONSE: Not Applicable, see answer to interrogatory #1.**

3. Did any person request or suggest that an investigation be made prior to November 8,

Exhibit
D

## VERIFICATION

STATE OF ILLINOIS    )
         ) SS.:
COUNTY OF DuPAGE   )

   David Bartlett, being duly sworn, deposes and says that he is Senior Counsel for McDonald's Corporation, and that he verifies the foregoing Responses to Plaintiff's Notice of Discovery for and on behalf of McDonald's Corporation, and he is duly authorized to do so; that certain of the matters stated therein are not within the personal knowledge of deponent; that the facts stated therein have been assembled by authorized agents, employees, and counsel; and deponent is informed that the facts stated therein are true.

   I declare under penalty of perjury under the laws of the State of Illinois that the foregoing is true to the best of my information, knowledge and belief.



David Bartlett

Sworn to and subscribed before me
this _16th_ day of _March_, 2008

Notary Public

My commission expires:

"OFFICIAL SEAL"
HEATHER A ZEMAN
COMMISSION EXPIRES 01/10/10

contractor.

**RESPONSE: Not Applicable, see answer to interrogatory #1.**

10. Was any person who conducted or was engaged in the investigation an expert.

**RESPONSE: Not Applicable, see answer to interrogatory #1.**

11. Was any person who conducted or was engaged in the investigation, o any part thereof, a public official?

**RESPONSE: Not Applicable, see answer to interrogatory #1.**

12. What was the date and time the investigation occurred?

**RESPONSE: Not Applicable, see answer to interrogatory #1.**

13. Was any person interviewed or questioned in the course of the investigation?

**RESPONSE: Not Applicable, see answer to interrogatory #1.**

14. If so, for each person state the name, the time and date, and how associated with the incident?

**RESPONSE: Not Applicable, see answer to interrogatory #1.**

15. In making the investigation, were any statement obtained concerning any matter relevant to this action?

**RESPONSE: Not Applicable, see answer to interrogatory #1.**

16. If so for each statement, state the person name, and the association to the incident?

**RESPONSE: Not Applicable, see answer to interrogatory #1.**

17. Was any written report made in connection with the investigation?

**RESPONSE: Not Applicable, see answer to interrogatory #1.**

18. If so, for each written report state:

a. The date and place it was made;
b. the name of each person who made it;

2007.

**RESPONSE: McDonald's Corporation did not own, operate, manage, maintain or control the day to day operations of the subject restaurant business. This interrogatory is better directed to the owner/operator; however, however, upon information and belief, this Defendant is not aware of any such requests or suggestions made prior to 11/8/07.**

4. If so, for each person state the name, and association with the corporation.

**RESPONSE: Not Applicable, see answer to interrogatory #3.**

5. Why did this person been unable to provide the plaintiff with the name of the employee that assault battery the plaintiff on or before September 16, 2007, when plaintiff had appointment with SGT Walsh of Chicago Police Department to have the conduct of the officer of August 30, 2007 investigated.

**RESPONSE: Objection, this interrogatory is vague and ambiguous. Without waiving said objections, McDonald's Corporation did not own, operate, manage, maintain or control the day to day operations of the subject restaurant business. This interrogatory is better directed to the owner/operator.**

6. Was the investigation of a type that is made in the regular course of business.

**RESPONSE: Not Applicable, see answer to interrogatory #1.**

7. For each person who conducted or engaged in the investigation state a name, occupation and what duties or part played in the investigation.

**RESPONSE: Not Applicable, see answer to interrogatory #1.**

8. How many hours had been spent on the investigation?

**RESPONSE: Not Applicable, see answer to interrogatory #1.**

9. Was any person who conducted or was engaged in the investigation an independent