# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 3190 | **DATE** | 6/11/2008 |
| **CASE TITLE** | Kimyuna K. Jackson vs. State Court District 1, et al. | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, Plaintiff's application to proceed in forma pauperis [3] is denied on the merits. Plaintiff has failed to state a claim upon which relief may be granted, and we dismiss the instant action. We deny the pending motions as moot. Civil case terminated.

■[ For further details see text below.]  Docketing to mail notices.

## STATEMENT

This matter is before the court on Kimyuna K. Jackson's ("Jackson") motion for leave to proceed *in forma pauperis* and motion for appointment of counsel. Pursuant to 28 U.S.C. § 1915(e)(2), "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action . . . is frivolous or . . . fails to state a claim on which relief may be granted. . . ." 28 U.S.C. § 1915(e)(2). In the instant action, Jackson alleges that she is a *pro se* plaintiff in an ongoing civil action that she brought in state court. Jackson alleges that she is being discriminated against by the judge in the state court action because the state court judge is allegedly "breaking civil and Supreme Court rules to keep from ruling in [sic] Kimyuna Jackson the Pro See [sic] Plaintiff [sic] favor. . . ." (Compl. 1). We also note that Jackson has named "State Court District 1," and "The Daley Center" as Defendants in this case. Jackson has failed to provide any specific factual allegations that would make her claim of unlawful discrimination by a state court judge plausible. *See E.E.O.C. v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007)(indicating that in order to state a valid claim the plaintiff's "allegations must plausibly suggest that the plaintiff has a right to relief"). In addition, the instant court is not the proper venue to challenge the rulings of a state court judge. Jackson is improperly

**STATEMENT**

requesting that this court interfere with an ongoing state action and override the rulings of a state court. *See Beth-El All Nations Church v. City of Chicago*, 486 F.3d 286, 292 (7th Cir. 2007)(stating that the *Rooker-Feldman* doctrine bars a federal district court from reviewing a state court judgment with certain exceptions); *see also Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284 (2005)(stating that the *Rooker-Feldman* doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments").

We also note that Jackson has not shown that the relief that she seeks is independent of a state court judgment, that there was a prior injury that the state court failed to remedy, or that she cannot obtain meaningful review in the state court system. *See Beth-El*, 486 F.3d at 292 (indicating that *Rooker-Feldman* doctrine does not act as a barrier to an action in federal district court where the "injury is independent of the state-court judgment, or if the federal claim alleges 'a prior injury that a state court failed to remedy,'" or if "the plaintiff lacked a reasonable opportunity to present those claims in state court")(quoting in part *Centres, Inc. v. Town of Brookfield, Wis.*, 148 F.3d 699, 702 (7th Cir. 1998)).  Thus, Jackson has failed to state a claim upon which relief may be granted, and we dismiss the instant action.  We deny the pending motions as moot.